IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

FAMILY DOLLAR SERVICES LLC        Case Number: 3:24-cv-1091

        Plaintiff,

v.

ZEIKOS INC

        Defendant.

_____ /

## COMPLAINT

**COMES NOW** the Plaintiff, Family Dollar Services, LLC, ("Family Dollar"), by and through undersigned counsel, sues the Defendant, Zeikos, Inc., ("Zeikos" or "Defendant"), and alleges as follows:

### JURISDICTION AND IDENTIFICATION OF PARTIES

1. This is an action for damages in excess of $75,000.00 exclusive of attorneys' fees and costs

2. Plaintiff, Family Dollar, is a North Carolina limited liability company in good standing with a registered agent listed at 2626 Glenwood Ave, Suite 550, Raleigh, NC 27608.

3. Zeikos is a New Jersey corporation in good standing with a principal place of business located at 19 Progress St., Edison, NJ 08820.

Page **1** of **8**

4. Pursuant to the Supplier Agreement between Family Dollar and Zeikos, venue and jurisdiction for this matter shall be the United States District Court for the Western District of North Carolina. See Supplier Agreement attached hereto as **Exhibit 1**.

5. This Court has original jurisdiction under 28 U.S.C. § 1332(a) pursuant to the provisions of 28 U.S.C. § 1441(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. This Court may also hear Family Dollar's Declaratory Judgment claims pursuant to 28 U.S.C. § 2201.

## GENERAL ALLEGATIONS

7. On or about January 13, 2017, Plaintiff and Defendant executed a Supplier Agreement ("Agreement") whereby Defendant agreed to sell to Plaintiff certain "Products" that were required to be "new, merchantable, and free from defects in material and workmanship." See **Exhibit 1**.

8. Following execution of the Agreement, Family Dollar ordered Products from Defendant via Purchase Orders.

9. One of these Products was a Lightning Charger cord that was defectively manufactured. See Photographs of Charger Cord attached as **Exhibit 2.**

10. The defective Lightning Charger cord manufactured and/or supplied by

Zeikos to Family Dollar in accordance with the Supplier Agreement, malfunctioned causing a fire which resulted in burn injuries to a minor.

11. The Supplier Agreement contains a provision entitled "Indemnification," which states as follows:

> Supplier shall defend and indemnify Family Dollar and its directors, officers, employees and agents (each, an "Indemnified Party") against, reimburse each Indemnified Party for, and hold each Indemnified Party harmless from, all losses, claims, damages, liabilities and costs (including reasonable attorneys' fees and expenses) (collectively, the "Losses") incurred by an Indemnified Party as a result of (a) any breach by Supplier of any of the covenants, representations or warranties contained in this Agreement or (b) any personal injury, death or property damage caused by any Product. Supplier agrees to reimburse each Indemnified Party promptly for all such Losses as they are incurred by such Indemnified Party in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom. If any action, proceeding or investigation is commenced as to which any Indemnified Party proposes to demand such indemnification, it shall notify Supplier; provided, however, that any failure by such Indemnified Party to notify Supplier shall not relieve Supplier from its obligations hereunder except to the extent Supplier is actually prejudiced thereby. Supplier shall be entitled to assume the defense of any such action, proceeding or investigation, including the employment of qualified and competent counsel and the payment of all fees and expenses; provided, however, (1) Supplier shall use counsel that has been approved in writing by the Indemnified Party, which approval will not be unreasonably withheld, and (2) Supplier shall not settle any such action, proceeding or investigation without the written consent of Family Dollar. The Indemnified Party shall have the right to employ separate counsel in connection with any such action, proceeding or investigation and to participate in the defense thereof, but the fees and expenses of such counsel shall be paid by the Indemnified Party, unless (i) Supplier has failed to promptly assume the defense and employ qualified and

competent counsel as provided herein, (ii) Supplier has agreed in writing to pay such fees and expenses of separate counsel, (iii) an action, proceeding, or investigation has been commenced against the Indemnified Party and Supplier and representation of both Supplier and the Indemnified Party by the same counsel would be inappropriate because of actual or potential conflicts of interest between the parties, or (iv) the Indemnified Party believes that the action, proceeding, or investigation involves a matter that, if settled or decided against the Indemnified Party, could adversely affect the Indemnified Party's business operations or business plans or another litigation, arbitration or other dispute involving the Indemnified Party. In the case of any circumstance described in clause (i), (ii), (iii) or (iv) of the immediately preceding sentence, Supplier shall be responsible for the reasonable fees and expenses of such separate counsel.
*See* Exhibit 1, p. 1-2.

12. On or about June 26, 2024, Plaintiff issued correspondence to Defendant advising Defendant of the defective product claim made by the injured minor and demanding Zeikos defend, indemnify, and hold harmless Family Dollar pursuant to the Supplier Agreement. *See* June 26, 2024 Correspondence attached hereto as **Exhibit 3.**

13. On August 6, 2024, T.J., a minor, by and through his Mother and Natural Guardian, Martisha Lee, and Martisha Lee, individually, filed suit against Family Dollar in the 11th Judicial Circuit in and for Miami Dade County, Florida, Case No.: 2024-014795-CA-01 related to the defective Lightning Charger cord, alleging negligence, breach of the implied warranty of merchantability, and strict liability against Family Dollar.

14. To date, Defendant has failed to respond and/or assume the defense and indemnity of Family Dollar as required by the Supplier Agreement.

15. Family Dollar has performed all of its obligations pursuant to any and all applicable contracts with Zeikos, and all other conditions precedent have occurred.

16. Family Dollar seeks a declaration of its rights and Defendant's obligations under the Supplier Agreement, breach of contract damages for Defendant's refusal to accept Family Dollar's Tender of Claims pursuant to the Indemnification paragraph under the Supplier Agreement, and such other relief as the Court deems just and proper.

## COUNT I – DECLARATORY JUDGMENT

17. Plaintiff re-alleges Paragraphs 1 through 16 as if set forth fully herein.

18. The Supplier Agreement is a binding and enforceable contract under North Carolina and Federal Law. Plaintiff agreed to purchase certain Products from Defendant along with other covenants.

19. In addition to receiving payments for Products as ordered by Plaintiff, Defendant agreed to defend, indemnify, and hold harmless Family Dollar against all losses, claims, damages, liabilities and costs incurred by Plaintiff for any personal injury damages caused by Defendant's Product. See **Exhibit 1.**

20. Plaintiff has been deprived of its right to defense and indemnity due to Defendant's refusal to remit the same despite Plaintiff performing all of its obligations to Defendant.

21. An actual and justiciable controversy exists between Family Dollar and Zeikos concerning the parties' rights and obligations under the Supplier Agreement and defense and indemnity is owed to Family Dollar under its claim.

22. Plaintiff seeks a judicial determination to resolve the present controversy.

23. Plaintiff is entitled to a judicial determination that Defendant is obligated to immediately assume the defense and indemnity of Family Dollar with respect to the claim made by the injured minor.

24. A declaration of the parties' rights under the Supplier Agreement will terminate the existing controversy between the parties.

WHEREFORE, Family Dollar Stores, LLC prays this Court enter declaratory judgment in its favor and against Zeikos, LLC finding that Zeikos is obligated to immediately assume the defense of Family Dollar with respect to the claim made by the injured minor, indemnify and hold harmless Family Dollar for all liabilities and costs, and for any and all such further relief this Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT

25. Plaintiff re-alleges Paragraphs 1 through 16 as if set forth fully herein.

26. Plaintiff and Defendant have a valid, binding Contract. *See* Exhibits 1 and 2.

27. Under the Supplier Agreement, Defendant has an unambiguous duty, in pertinent part, to "defend and indemnify Family Dollar and its directors, officers, employees and agents (each, an "Indemnified Party") against, reimburse each Indemnified Party for, and hold each Indemnified Party harmless from, all losses, claims, damages, liabilities and costs (including reasonable attorneys' fees and expenses) (collectively, the "Losses") incurred by an Indemnified Party as a result of (a) any breach by Supplier of any of the covenants, representations or warranties contained in this Agreement or (b) any personal injury, death or property damage caused by any Product" Ex. 1.

28. Plaintiff notified Defendant of the claim for personal injury damages and demanded defense and indemnity on or about June 26, 2024.

29. To date, Defendant has failed to and/or chosen not to assume the defense and indemnity of Family Dollar as required per the unambiguous terms of the Supplier Agreement.

30. Defendant's failure and refusal to defend and indemnify Plaintiff is a

material breach of the Supplier Agreement.

31. Plaintiff is not now, and at no time during the term referenced above was, in breach of the Supplier Agreement with Defendant.

32. Plaintiff has been damaged by Defendant's failure to defend and indemnify pursuant to the terms of the Supplier Agreement.

WHEREFORE, Family Dollar Stores, LLC prays this Court enter judgment in its favor and against Zeikos, LLC on Count II of its Complaint for, all losses, claims, damages, liabilities and costs, including reasonable attorneys' fees and expenses, and for any and all such further relief this Court deems just and proper under the circumstances.

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: /s/Michael S. Litrenta
Michael S. Litrenta (NC #52506)
100 Ashley Drive South, Suite 600
Tampa, FL 33602
P: (954) 765-1001
mlitrenta@smsm.com

*Counsel for Plaintiff*